which is case number 16-30279 Gilkers v. Vannoy and we'll hear first from Ms. Kuhn. Good morning. May it please the court. My name is Samantha Kuhn and I represent Chris Gilkers. Judge Higginson granted a COA on a single narrow issue in this case. Whether Mr. Gilkers's rule 60b motion was improperly construed as a successive habeas petition by the district court. Now with the court's permission I'd like to briefly explain why Mr. Gilkers's motion is not a successive habeas petition and then move into the three specific questions that the court asked us to address today. Let me just ask you this. He's litigated these same issues before has he not? He has litigated the underlying habeas petition prior to the defective state court proceedings coming to come to. All right and so the reason you're here is because of the quote defective state court proceeding. Right which underlie underlied the federal habeas proceedings and made the federal habeas proceedings defective. But hasn't he also challenged those proceedings already? He's already filed a rule 60. It was just a slightly different argument. So he filed a previous rule 60b motion that was it was titled a rule 60b but the substance of that motion was actually really was a successive habeas. If you everything relates to 2254 motions and cases governing successive habeas and his argument was basically because there was a new state court judgment that entailed him to a second habeas petition that wasn't successive. So basically he framed it as a rule 60b but it wasn't in substance an actual rule 60b motion. Let me just ask you this. Why doesn't our published opinion in so in interagen trust that was a 2254 petition and if you read that decision they actually relied on the petitioner said that Cordero provided a newly discovered factual basis or some language like that for a habeas petition. So in that case he was making a habeas claim saying that Cordero provided the basis for habeas relief and that's distinguishable because here Mr. Gilkers is just asking for relief from the habeas judgment so that that proceeding can be reopened and so that he can pursue habeas relief now that they've been cleaned of the defects and the defective state court proceedings have been addressed and remedied. But in gentris basically the court held that well they said he argues his constitutional rights were violated when the Louisiana Fifth Circuit Court of Appeal used flawed procedures and then he wants to re-litigate the claims that he raised in his first 2254 application and then the conclusion was infirmities in state post-conviction proceedings are not grounds for under 60b. So that's the whole idea of Gonzales is that in Gonzales the Supreme Court said that you can pursue rule 60b relief to get relief from a federal habeas judgment. Now the no state habeas infirmities rule that's referred to in interagen trust that rule is based on the idea that you can't claim that constitutional errors in your state proceedings provide a basis for habeas relief is relief from custody and you ask for relief from your conviction. The no state habeas infirmities rule says just because a constitutional error occurred in your state post-conviction proceedings it wouldn't entitle you to relief that habeas provides because in the state post-conviction proceedings that's collateral to the actual detention itself. Why doesn't that apply to 60b also? So 60b you know the idea is that ultimately yes he would be reopening if he was granted 60b relief he'd be relieved from his habeas judgment and he'd be reopening his habeas proceedings. But the state deficiencies and the defective procedure underlying the federal habeas proceeding that's the basis for asking for the habeas judgment to be thrown out. It's not the basis for asking for relief from his conviction or his custody. Okay so why did the summary uh ruling in the in the Louisiana fifth circuit what why does it why is that a defect? It's a defect because after the federal habeas proceedings were concluded it came to light that there had been no actual judicial review by the Louisiana fifth circuit and that that entire judgment by the Louisiana fifth circuit was fraudulent and so ultimately the state courts recognized that this was a defect and a deficient proceeding because they ultimately remanded in Cordero for reconsideration of the of the petition by the fifth circuit. But but in our settled law that when a State appellate court issues a summary uh summary conclusion or resolution of a habeas claim when a Federal habeas court looks at that they go down through that to the last to the last uh state court that gave a reasoned judgment and that's what happened here uh Judge Duvall went down to the state trial court uh ruling and and based his uh uh that's that's the that's the case that he was required to give deference to and that's what he gave that gave deference to so so why does the uh the procedure the summary opinion in the uh Louisiana fifth circuit have anything to do with with this? Right so the look-through approach was applied properly by the district court at the time based on the information that was before it. So the look-through presumption as you're talking about from Wilson v Sellers talks about how when the highest state court hasn't given you reasons for their judgment you can look through that to the last reasoned state court decision and presume that the higher state court based their judgment on the same reasoning and I think the big issue and the distinction here is that the look-through approach is a presumption it's not a detour around the higher state's decision it's a way to make a presumption about what the highest state court's reasoning was and so it kind of highlights part of the defect of that proceeding because in that case the district court based on the information properly presumed that a three-judge panel for the Louisiana fifth circuit looked at the state court's decision and adopted the reasoning for its own. What's your case for that presumption? In Wilson v Sellers it says it's a presumption and the supreme court repeatedly says that the purpose of it is to discern the identity or replicate the reasoning for the higher state court and so here it was applied properly because all of the information before the court at the time there was no reason for them to think that this was not an actual reasoned opinion by the Louisiana fifth circuit or there hadn't been any review at the time they reasonably believed okay they've affirmed so if there's no other reasons they must just be adopting the lower decision. Now that the Louisiana fifth circuit has reconsidered and provided its own reasoned judgment that further shows that that presumption was flawed because when given the opportunity the Louisiana fifth which would be the last state court last reasoned opinion in the state court. Can I if if I can jump in at the beginning you were going to talk about the the question on which the COA was granted and if I if I understand it correctly it's whether this 60B motion is a genuine 60B motion or a successive 22 is it 2255 or 54 a successive habeas that's the question on which the COA was granted right so my first question is what's the standard that we as a reviewing court have to use to answer that question and where does it come from? I believe it comes from N. Ray Coleman I believe it's a de novo standard. Oh no no I don't mean the standard review I mean what standard do we use I assume it's de novo whether I'm right or not we'll we'll find out but what is the standard that we use to distinguish a I think the the primary guidance there is Gonzalez. So this is the this is Justice Scalia's opinion for the court in Gonzalez versus Crosby. Right. Okay so what's the standard that comes out of that opinion? So the standard from that opinion says that if you're challenging a federal habeas judgment using a rule 60B motion you have to be challenging a defect in the integrity of the habeas proceedings you can't be challenging federal I'm sorry federal yes habeas proceeding is that the problem with your argument is that the the federal court didn't just decide to just let some staff attorney decide every case or whatever whatever which is what the allegation is about Louisiana so the federal court didn't have any defect the defect was in the state court proceeding. Right well I think the source of the defect in the federal proceeding is really the fact that AEDPA provides significant deference to state court determinations and it requires state court claim exhaustion for federal habeas claims to be granted or relief to be granted under federal habeas there and so the problem is that if you look at the report and recommendation and the district court's decision here they did look to the state court's determinations they deferred to the reasoning and they were looking through to the the state district court's decision when based on the assumption that there had been full review by the state best case for this the position that there is a defect in the federal habeas proceeding not that it's wrong but that there is a defect in the federal habeas proceeding when it relies on a state court process that was itself messed up. I would say that there I have not seen any cases that are directly on point with the exception of the unpublished Sheck Snyder case here I think that and in preparing for this oral argument I did look to where the Cordero issue has been raised in district court proceedings and even when rule 60b relief is denied it's always treated as a rule 60b motion. I have not seen analogous cases where there is a some kind of flaw in the state court proceeding like this where it's not that a movement has failed to request relief or make a claim or make an argument but it's actually the court itself that has engaged in some kind of improper conduct. I mean I got to tell you I'm not surprised because it's very it's got to be very unusual right I mean essentially the Louisiana fifth circuit's first judgment would you use the term void I mean what was it? I would say that in Cordero it was ultimately vacated and I realized that the language used in Cordero says they're transferring back for reconsideration but a new judgment was issued by the Louisiana Fifth Circuit and then the Louisiana Supreme Court issued its own new denial of his claims after all of the federal habeas proceedings. Providing reasons right exactly the first time around it just said whatever denied exactly second time around it actually provided reasons right so your point is if we're doing the look through it's conceivable I don't know I'd have to look through this tortured procedural history to make sure but that could be the last reason on a given issue exactly correct the Louisiana I would say the Louisiana Fifth Circuit decision from 2010 is the last reason state court decision of the original federal habeas not a defect in the federal habeas I mean I'm having trouble with the notion that it becomes defective for a federal court to do something because a state court screwed up in some way in the habeas process I mean this is a rather large screw-up and it's more than just a screw-up I mean it's it's very bad but we get a lot of cases where they say that the state court didn't hold a hearing or the state court just let the state uh write the findings of fact and signed off on it there's a lot of things where they not as headline grabbing but they make allegations about the state court and so I don't know why that creates a defect in the federal proceeding even if that's discovered after the fact let's say you didn't know about that and then later on you didn't even read anything or didn't do what they were supposed to do or that they're deferring to their law clerk or whatever so I don't understand why that creates a defect in the federal proceeding as opposed to a defect in the state proceeding when I think the answer to that is that it prevented proper consideration of the habeas petition under the rules provided by EDPA because like I said EDPA provides broad deference to state court determinations and it has this federal court and the federal court is looking down at the state court's adjudication of the claims and so here the the revelation of what happened in the Louisiana fifth circuit it shows that the entire foundation upon which the federal habeas judgment was based was completely non-existent foundation well and I think the issue is that this all starts to go to the merits of whether rule 60 be relief is actually warranted that's what I was going to ask and I don't mean to interrupt but I have a distinction between us answering the COA question which is is this a legitimate 60b motion and the merits of the 60b motion whether you qualify for relief under b5 or b6 is there a distinction between those two I would say absolutely okay can this court reach the second question because I just want to make sure that when we're talking about all this interesting stuff we're focusing on the real issue can we got to answer the COA question I guess can we then move on to merits of the 60b 5 b6 what's your position on that my position is that this court's own precedent says that the jurisdiction is limited to the issue for COA has been granted your position is we can't right all right when I'm talking about merits I'm talking about the merits of the federal habeas decision I'm not talking about the merits of the 60b so to me when you are saying that the state court screwed up and therefore the federal court was wrong that is a and not a defect in the federal habeas it's a very specific thing I mean you can always say that any claim you make ineffective assistance of habeas counsel all kinds of things affect the federal habeas proceeding of course they do but then if that's a defect in the federal habeas proceeding we pretty much have done away with the successive argument we just need to rely on 60b I see 60b is a very narrow thing maybe you see it much more broadly no I mean I believe that is a very narrow avenue for relief and I think the idea behind it is that there are certain circumstances where there might be a variety of factors that are considered but on a case-by-case basis there's maybe something so extraordinary and extreme where for some reason it's warranted to relieve someone of a judgment now going to the merits of federal habeas petition itself and those decisions that would be the next phase so if Mr. Gilkers did win on his rule 60b motion and get relief from his judgment it's not like he automatically gets habeas relief and they say okay you win now it goes back to the court and says okay I get that right and so I think that's the big whole notion of EDPA is trying to shut off all this back and forth and back and forth and kind of have one process and not keep revisiting it so we are violating EDPA if we improperly give him another bite at the apple albeit in your view a little different apple right and Gonzales provides I apologize I'm over um but just to briefly respond Gonzales provides some reasons for why this rule 60b motion has been limited so that it avoids this problem of excessive successive habeas petitions coming in masked and I would argue that he does not fall into that category okay thank you thank you you've saved time for rebuttal. Ms. Clark. May it please the court uh Juliet Clark uh assistant district attorney on behalf of the respondent appellee um I'd like to begin with the um the issue of the you know whether it's a true rule 60b and what I would say here is that this is the only issue that this panel can address whether it's a true rule 60b or can we go beyond that I think that you can what's your authority for that well I think that if we look at um the decision in um Wilson I think that that that will let us look through it because what it's telling us is that there can't be any any defect in the federal proceedings here it's what he's alleging can't possibly be a defect in the federal proceeding because it's it's solely a defect that he's alleging in a state proceeding not and I appreciate that not my question okay COA was granted on whether this was a genuine 60b motion or a successive habeas right so we have to answer that question what if we let's for purpose of argument let's say we say oh this was a um and can we then move on to uh deal with the merits of the 60b motion whether he's entitled to relief under 60b I don't think that we can move on to that question but I think that it that the record lack jurisdiction I believe that at that point in terms of like the timeliness and things like that considerations I think that you would have to go back but I think the record amply demonstrates that this is not a true 60b motion before you get to that let me ask one more kind of along those lines um you were talking about untimeliness can we look at the fact that he already he's already raised the Cordero issue albeit a different slant on it but the Cordero issue has already been presented to the federal district court ruled upon COA denied whatever whatever happened and why doesn't that end the matter is that outside our ability to look at the narrow COA no and I don't believe so because I think that that all those times he's attempted to raise this issue and he has raised it different ways and said different things about the Cordero issue show that this is again a successive petition clothed in the false guise of a 60b and I say that because when he filed his his second successive you know application under number 111019 a three-judge panel in this court looked at his petition denied him authorization to file it noting that what at the time he was alleging to be an intervening state court judgment involved only an affirmation of denial of state post-conviction relief then he went back to the district court and he filed his previous motion you know styled as a motion for 60b release and he says well now I'm seeking review of this uh Louisiana court of the last state court decision and basically the previous federal habeas petition rested on no grounds because um the previous decisions prior to Cordero are null and void and he asked the court to find that they were null and void now he's moved from saying it's an intervening judgment to saying it's a null and void judgment to saying for the first time that it's a vacated um judgment um when this three-judge panel of this court has already told him that it's the decision of the fifth circuit court of appeal Louisiana fifth circuit court of appeal was simply the affirmation of the denialist so is it kind of a race judicata analog I mean we're just saying look you can't keep bringing these claims over and over again you've you've litigated Cordero over and over again we're done can we say that if we think that or are we limited to saying well forget all that we have to just look at whether this motion is really a 60b well I think that we can I think all those things go into whether the motion is a 60b because you know the district court judge was considering you know the history of the case and and consider this is his fourth time I don't mean to interrupt but what's the standard for determining whether something is a genuine or a sham rule 60b motion I thought Gonzalez spilled a lot of ink on that question and it's opinion from Justice Scalia it's very careful so what's the standard I don't mean to be pedantic but what is the standard does it actually um is it challenging is alleging a defect in the integrity of the federal okay I know that language comes from but I'm reading from the opinion um and and so the the idea there is if a rule 60b motion is making a claim then it's really a successive petition and so one way of figuring that out is if a motion can also be said to bring a claim if it attacks the federal court's previous resolution of a claim on the merits so my question is I'm assuming that's at least a standard so is his 60b motion here saying hey by the way the previous federal habeas was wrong on the merits or is he saying something else I think that what he is saying is that because what he is saying is reopen the federal habeas judgment denying relief on various constitutional claims in light of subsequent developments in my case right but in light the in light of subsequent developments in my case is the reason he's asking again but what is the subsequent development in this case the subsequent development in this case is a decision of Louisiana Fifth Circuit Court of Appeal which a three-judge panel of this court you know in denying him authorization to file a successive habeas petition has already decided was just a decision affirming the denial of state post-conviction relief it's it's clear that although he's stripped away a lot of the languages from his earlier 60b that what he's still asking the court to do is to reopen so that he can re-litigate and attack the claims on the merits based upon the decision of the Louisiana Fifth Circuit Court of Appeal post-cordero okay imagine there's a prisoner who brings a federal habeas claim and the the federal district court says you know I'm going to follow Wilson versus Sellers I'm going to look back through to this particular decision in the state system and I'm and and I'm reading that and that's it didn't unreasonably apply controlling Supreme Court law go away and then it's discovered that there's another decision uh in the state chain that is fake they were letting bailiffs decide it they were letting you know they were letting I don't know anybody else decided except the judges who were supposed to decide it and so the state system redoes it and that decision comes up with some and now the second time around he says look the the one that you look to for reasons is no longer the last reason decision now it's a different one now it's the now it's this new one that that wouldn't be grounds for reopening the habeas no and the reason is because when under under Wilson which now is applying the look-through approach and recognizing that it applies to marriage decisions as well in all cases now you know where there's a an earlier decision you know either invoking a procedural bar or denying relief on the marriage what we do is we're deciding that that last state Supreme Court decision which in this case is not the Intermediate Court of Appeals it's the Louisiana Supreme Court we're we're and what the federal court properly did in this case is decide presume that the Louisiana Supreme Court's decision was based on the same procedural bar on the same you know marriage ground for the same reasons as in the state court trial courts decision so in the context of this case that intermediate appellate court's decision means nothing it was an unreasoned decision and I don't mean to say it means nothing it means something in the sense that it you know the issue was procedurally properly presented to the Louisiana Supreme Court the issue is what was the basis of that highest court's denial and the basis of that highest court's denial was the reason so the highest court didn't rely on the court of appeals because the court of appeals didn't issue any reasons exactly and that first time first time right second time around it did well see that's what what Wilson requires is and what we're going back to is whether there was a defect in the federal proceeding and there wasn't because the federal court correctly applied the law correctly used to look through approach to find the reasons the ground and looked at the Louisiana Supreme Court looking down to the trial court which avoids the issue of the court of appeals not doing its job is that your argument that's my argument now you know when the case comes back um again that says nothing about whether there was a defect in original proceeding for a couple of reasons first based upon something that happens later I don't see how you can say that there was a defect in a federal court judgment that properly applied um the supreme court you know precedent and and handled the manner in which it decided what the claims were based on and then I'm sorry to interrupt when Gonzalez versus Crosby says defect in the integrity of the federal habeas proceedings is shows a true 60b motion is that the only way to have a true 60b motion I believe that you would have to show a defect in the integrity of the federal habeas petition petition uh perhaps I'm unaware of something that you're trying to ask well I mean I'm just not sure that's the standard I mean I think the standard is is is the 60b motion trying to get a do-over of the of the federal uh of the original federal habeas decision or is it complaining about something else I think it's I think it's clear here he's trying to re-attack on the merits the merits decisions that the previous habeas court that may mean that he loses the 60b motion but it doesn't necessarily mean I don't think I could be wrong I don't think it means that this is a sham 60b motion um well you know again I argued based on the history of this it's a sham 60b motion um based on what the courts what happened here there is no defect in the integrity of the federal proceeding and even having reaffirmed the denial of post-conviction all that does at this point is it addresses in the state courts for the state litigants the perception you know based upon the purported deficiencies in the state appellate court however the Louisiana Supreme Court never vacated its original decision it never vacated the fifth circuit's decision it simply remanded it and as this court found previously in a previous decision um you know denying the other uh the successive petition it simply affirmed the previous denial and that's what mag I mean magwood makes it clear that just because the state court issues something new doesn't necessarily allow you to file what would then be a new habeas so for example if the state court on in court as a cordero remand had redone the sentence or something of this um defendant and sent it back for resentencing and he got resentenced and a new judgment was entered then we wouldn't be talking about successive it'd be a new habeas and that would not be successive but if they leave everything as it is they just you know correct a misspelling or they do whatever because this does happen that's what magwood's about it's not about doing wrongdoing by the something but doesn't ultimately make it a new judgment it says you don't get a successive on that you don't get a new habeas on that it seems to me the question isn't whether he has a remedy for a perceived wrong it's whether this is that remedy because he's already tried others I mean he's taken his shots but now is this particular shot accurate let me let me ask you as you understand it do you know of any other reason other than a defect in the federal habeas proceeding under gonzalez is there any other ground the petitioner is asking the court to find this to be a 60b a proper 60b um in in this particular case yeah um um in this particular case my understanding is that he's his claim is based upon the allegation solely as far as I can understand this point that that the the decisions of the fifth circuit have acted to make the federal court's decision um defective for a reason I can't completely articulate because it because of the look-through approach it doesn't make any sense but I'm not we're trying to see hypothetically could there be another basis for a true or proper 60b and I think the question is do we even need to engage in this hypothesizing because the argument they're making is that there's a defect and the defect is because the federal district judge supposedly relied on the state court of appeals which is itself defective and your argument is well they didn't really rely on the state court of appeals because they relied on the trial court neither of which were impacted by this mess at the Louisiana court of appeals so is there any other argument that you perceive them to be making but that that there is a defect in the federal proceeding because of perceived reliance on an allegedly defective state court proceeding no that's what I see them making the claim based upon and again the claim has been made a number of different ways characterizing the state court decision in you know as an intervening decision as a null and void decision as a vacated can we look at that and deciding whether this is a proper 60b can we look at the fact that this is like his third try or whatever it recharacterizing Cordero I think we can because again and again you know going back to the issue of what is he really trying to get here what he's trying to get here is a reconsideration of the previous disposition of his federal habeas and his constitutional claims on federal habeas review three of which were right three of which were decided on the merits one of which would upheld the procedural bar but um that's the typical true 60b is you were prevented from getting a decision on the merits because the the trial court thought uh the statute of but it had had in or some timing issue that affected it or something of that nature or a true defect uh that it goes to the fraud on the court the state provided fraudulent records or something like that that altered that that isn't what we have here clearly no one says it is so to me that the state court employed a proceeding that is in violation of state law i.e. having you know a staff attorney decided or as was alleged having one judge decide something three judges should decide that is a defect in the state proceeding it is not a defect in the federal proceeding i don't really are you aware of where his 60b is the the instant 60b motion that we're considering here where is it in the record do you have a record so i'm just i'm looking for it i apologize i just can't find it i'd like to see what he says it just seems it seems to me the premise of gonzalez is we look to see what is said in the 60b motion and if it's attacking the previous judgment on the merits then it's a successive habeas but if it's bringing up something else maybe an integrity of a defect in the integrity of the federal proceedings in this case the fact that one of the state court judgments was issued by a i'm not sure what to call it i believe that's the previous one well it's it's it's okay we'll find it uh i'm the decision on that by the um by the usdc is at 628 so it's not far okay let me just follow but one it is as i understand it it's your position and maybe it's the other side's position as well i'll confirm that that we can answer the question the coa that was granted but we can't on to the merits of the 60b oh i guess okay now so i'm i don't know the answer to that that's why i asked the question but in the gonzalez case the supreme court found uh that the the 60b motion was a genuine 60b motion and so it reversed the 11th circuit or whatever the circuit was and then it merits to deny the 60b motion so does that change your view about whether we have jurisdiction maybe i don't know maybe there's a different rule that applies to us yes not necessarily actually but we haven't i'm just asking i well i guess in in terms of like what went on the district court yes there i'm not saying that everything is every argument that i would have made in the district court if i were given the opportunity has been made to this court but i think that ample information in front of this court exists to show that there is no basis for granting a 60b in this case i mean what are the grounds again he he's arguing 60b5 and 60b6 i remember 60b6 is the catch-all what is 60b5 65 from what he's asserting is that it's based that has been vacated or reversed okay and and so given what your argument is we what hypothetically we could rule that okay it's a genuine 60b motion but uh there's no showing here that the that the conviction was based on the defective state court judgment that's correct okay yes yes i mean here i think it's obvious that the decision here was was based upon the look-through approach to the state post-conviction trial court um it was not you know based on whatever happened in the intermediate appellate court um and again first of all there's no vacated or reversed uh decision in the state courts anyway they're simply again an order that affirms the denial of of um state habeas corpus relief and i this is complicated i fully realize i'm wrestling with it myself it's complicated stuff but okay we appreciate the arguments all right and mrs kuhn you save time for rebuttal thank you um a couple of brief points um i know that uh judge duncan was asking about the roa for rule 60b the current one is at roa 613 to 22 awesome um and then with respect to the coa jurors his new law clerk found it yeah he's got the large ipad i can't uh and then it's a language in that application that shows what the basis for his 60b motion is because obviously you've heard the arguments of counsel on the other side they're like this is a recycled attack on the federal habeas the first federal habeas judgment where in the 60b motion can i look assuming that that's what i need to look to to figure out whether it's a real 60b motion where do i look um i mean i think if you compare the entirety of that motion to the previous rule 60b motion that he filed it's clear from that the cases that are cited he talks about he discusses extraordinary circumstances in the case law that governs how to determine whether something satisfies rule 60b whereas in that previous rule 60b motion it's all it talks about magwood it talks about all these 2254 cases and he basically says this is a new judgment and so i get a new habeas petition can we consider the apple biting question here can we consider that he's already raised cordero based arguments whatever they swore repeatedly before and now we're what 10 years from cordero and here we are still is there some kind of point at which this ends and can we look at that i don't think there's any legal basis to speculate about his motives based on the previous filings no it's not motives what i'm saying is i mean i'm just attributing him to the most benign motives he's just somebody who thinks he's wrongfully imprisoned and that's every habeas fine but how many times does he get to attack the louisiana court of appeals on the cordero argument i mean i think rule 60b doesn't have limitations to how many you can file and i mean i've seen situations where a pro se litigant files excessive numbers of petitions making identical claims and then they then they're sanctioned here i think if you look at the filings it's clear that when the cordero issue came up and when his judgment came back down and reconsideration and this whole series of events happened it's clear that he recognized that this was a problem that his judgment was based on a structure that was clearly extraordinary and problematic and so he went to pursue relief on it now just because he pursued relief based on the wrong arguments the first time around and said at first oh i want a second successive habeas on this doesn't mean that you can't look at the current rule 60b motion and look at whether he actually is alleging a defect in the integrity of the proceedings and i think that's the point here is that gonzalez you to file a rule 60b motion you just need to be alleging a defect in the integrity of the proceeding he doesn't have to proved it federal proceeding right exactly forgetting a really important word federal right if they prove that the federal judge was not reviewing anything and was having you know his judicial assistant just uh write stuff up and and just was signing it without looking at it that's a defect in the federal proceeding but we don't have that here can you point to any other ground under gonzalez other than a defect in the federal habeas proceeding for for filing 60b i mean the grounds that he's filed under is rule 60b 5 and 6 5 based on the and a new one was substituted he's also done it under six which is extraordinary circumstances gonzalez gonzalez is strictly about rule 60b motions on federal habeas petition or federal habeas judgments and so the defect in the integrity of the proceedings that's basically the test for determining whether it's an improper successive or if it's an actual rule 60b right that's kind of the overriding it's not the the basis it's it's the standard for deciding let me just ask real specifically i understand your argument about you can file as many rule 60s as you want so and so forth but can we look at that are we allowed to look at that and say this isn't really a proper rule 60 because you've already raised the cordero issue rightly or wrongly before can we look at that now i don't think so because i think the the circumstances that you have to are whether what the procedures were underlying the federal habeas proceeding and whether he's alleging a defect in that i don't think that looking to other filings that aren't related to the actual trajectory of post-conviction related because it raises cordero i mean i understand if he suddenly found out the judge took a bribe and he wanted to raise that that that's a new rule 60 or new successive or new something i'm talking about this is the same issue different formulation of it i think ultimately that goes to the merits of a rule 60b i think that's something that because this court has held that rule 60b motions are necessarily case-by-case fact-specific questions and so i think in considering the merits of a rule 60b in theory the district court could look to all of the surrounding circumstances consider different factors in deciding whether he's entitled to relief under rule 60b but that doesn't go to the question of whether this is a rule 60b motion all right thank you very much thank you both sides arguments a bit of a thorny case